IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

| | |
|---|---|
| Edward W. Butowsky,<br><br>    Plaintiff,<br><br>v.<br><br>Financial Industry Regulatory Authority, Inc.,<br><br>    Defendant. | CIVIL ACTION NO. _____ |

## FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the standards set forth in 28 U.S.C. §1441 and §1446, and in accordance with 28 U.S.C. §1331, Defendant Financial Industry Regulatory Authority, Inc. ("FINRA"), by its attorneys, files this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and in connection therewith, states as follows:

### STATEMENT OF THE STATE COURT ACTION

1. On or about May 26, 2011, Plaintiff, Edward W. Butowsky ("Mr. Butowsky"), commenced an action in the District Court for the 160th Judicial District, Dallas County, Texas, via Plaintiff's Original Petition styled *Edward W. Butowsky v. Financial Industry Regulatory Authority, Inc.* (the "Petition"). FINRA has attached a true and correct copy of the Petition hereto as *Exhibit A*.

2. On June 16, 2011, Mr. Butowsky served FINRA with a copy of the Petition which bore Case No. DC-11-06638 (the "State Court Action").

3.  The gravamen of Mr. Butowsky's Petition is that he seeks expungement of two disputes from his record on the Central Registration Depository ("CRD") database because he maintains that these disputes are false. Petition at ¶¶ 8-9.

## GROUNDS FOR REMOVAL – FEDERAL QUESTION

4.  FINRA is a self-regulatory organization ("SRO") registered with the Securities and Exchange Commission ("SEC") as a national securities association pursuant to the authority set forth in the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78a *et seq.* *Austin Municipal Securities, Inc. v. National Association of Securities Dealers, Inc.*, 757 F.2d 676, 679-80 (5th Cir. 1985).[1] The Exchange Act requires SROs to execute various functions in regulating the securities industry, among which is to "establish and maintain a system for collecting and retaining registration information" including "information reported in connection with the registration or licensing of brokers and dealers and their associated persons, including disciplinary actions, regulatory, judicial, and arbitration proceedings, and other information required by law, or exchange or association rule." 15 U.S.C. §§78o-3(i)(1)(A) and (i)(5). To discharge this obligation, FINRA and the securities commissions of the fifty states developed CRD to store, among other information, information about customer complaints lodged against associated persons, such as Mr. Butowsky. As such, Mr. Butowsky's request to delete information from CRD is in actuality a request to relieve FINRA of a duty—the duty to retain information concerning customer complaints arising under the Exchange Act.

5.  With limited exceptions not relevant to the present matter, the Exchange Act also requires FINRA to submit its rules, policies, practices and interpretations to the SEC for review

---

[1] As background, FINRA's corporate name was National Association of Securities Dealers, Inc. until July 30, 2007.

and approval before enactment. *Austin* at 679-80. This includes those rules related to the maintenance and disclosure of information on CRD, including, but not limited to the FINRA rule (Rule 2080) that Mr. Butowsky invokes in his Petition. Therefore, not only does this Petition directly relate to a duty arising under the Exchange Act, but it also poses a question of the proper interpretation of rules FINRA issued under the Exchange Act and its associated regulations.

6. Section 27 of the Exchange Act provides exclusive jurisdiction in the district courts of the United States for "violations of the [Exchange Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by [the Exchange Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa. Indeed, the Fifth Circuit has noted that with this statute "Congress has granted broad subject-matter jurisdiction in the arena of securities regulation" to the district courts. *Hawkins v. National Association of Securities Dealers, Inc.*, 149 F.3d 330, 331 (5th Cir. 1997) (affirming this Court's refusal to remand a challenge to FINRA's administration of a securities arbitration back to state court). *See also Browne, et al. v. National Association of Securities Dealers, Inc.*, Civil Action No. 3:05-cv-2469-G ECF, 2006 U.S. Dist. LEXIS 90657 at *16 (N.D. Tex., May 31, 2006) (noting that this Court had previously agreed that a civil complaint seeking to enjoin a FINRA disciplinary proceeding "fell within the exclusive jurisdiction of the federal courts").

7. Therefore, because the Petition concerns a duty arising under the Exchange Act, as well as interpretation and application of rules FINRA issued in accordance with that federal law, removal of the State Court Action to this Court under 28 U.S.C. § 1441 is necessary and appropriate.

## VENUE

8. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because it embraces the place where the State Court Action is pending.

## TIMELINESS OF REMOVAL

9. FINRA files this Notice within thirty (30) days after its receipt of the Petition in accordance with 28 U.S.C. §1446(b).

## ATTACHMENT OF STATE COURT PLEADINGS

10. FINRA has complied with 28 U.S.C. § 1446(a) by attaching all process, pleadings, and orders received in the State Court Action in the accompanying Index at Tabs 1 and 2.

## NOTICE OF REMOVAL GIVEN TO THE STATE COURT

11. FINRA has attached a copy of the Notice of Filing for Removal in the accompanying Index at Tab 3. Promptly after filing this Notice with the Clerk of this Court, FINRA will file a copy of the Notice of Filing for Removal with the District Court for the 160th Judicial District, Dallas County, Texas, and serve that notice on Mr. Butowsky as required under 28 U.S.C. §1446(d).

WHEREFORE, FINRA respectfully moves this Court for an order enjoining any further action in the State Court Action and removing that State Court Action to this honorable Court.

DATE: July 6, 2011

Respectfully submitted,

*[signature]*

Michael L. Raiff, SBN 00784803
mraiff@gibsondunn.com

Kevin Petty Grady, SBN 24069818
kgrady@gibsondunn.com

Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Telephone: 214.698.3100
Fax: 214.571.2900

ATTORNEYS FOR DEFENDANT FINANCIAL
INDUSTRY REGULATORY AUTHORITY, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Financial Industry Regulatory Authority, Inc.'s Notice of Removal was served by facsimile and certified mail, return receipt requested, upon counsel of record for Edward W. Butowsky, on this 6th day of July, 2011.

_____
Kevin Grady