## **INDEX**

| | | Tab |
|---|---|---|
| 1. | State Court Docket Sheet | 1 |
| 2. | Plaintiff's Original Petition, filed in the 160th Judicial District, Dallas County, Texas on June 16, 2011, shown as Exhibit "A" | 2 |
| 3. | FINRA's Notice of Filing for Removal, shown as Exhibit "B" | 3 |

**TAB 1**

**Location : All District Civil Courts**

Register of Actions
Case No. DC-11-06638

| | | | |
|---|---|---|---|
| **EDWARD BUTOWSKY vs. FINANCIAL** | § | Case | **DECLARATORY** |
| **INDUSTRY REGULATORY AUTHORITY** | § | Type: | **JUDGMENT CIVIL** |
| **INC** | § | Date | |
| | § | Filed: | **05/26/2011** |
| | § | Location: | **160th District Court** |

Party Information

**Lead Attorneys**

**DEFENDANT** **FINANCIAL INDUSTRY REGULATORY
         AUTHORITY INC**

**PLAINTIFF   BUTOWSKY, EDWARD W**

**KASEY L
FOREMAN**

*Retained*

972-934-4100(W)

Events & Orders of the Court

|  | OTHER EVENTS AND HEARINGS |
|---|---|
| 05/26/2011 | **ORIGINAL PETITION (OCA)** |
| 05/26/2011 | **ISSUE CITATION** |
| 05/26/2011 | **CITATION** |
| | *ATTY RR* |
| | FINANCIAL INDUSTRY |
| | REGULATORY AUTHORITY    Unserved |
| | INC |
| 05/26/2011 | **CASE FILING COVER SHEET** |

Financial Information

| | | |
|---|---|---|
| **PLAINTIFF** BUTOWSKY, EDWARD W | | |
| Total Financial Assessment | | 255.00 |
| Total Payments and Credits | | 255.00 |
| **Balance Due as of 07/03/2011** | | **0.00** |
| | | |
| 05/26/2011 | Transaction Assessment | 247.00 |
| 05/26/2011 | Transaction Assessment | 8.00 |
| 05/26/2011 | PAYMENT (CASE FEES)    Receipt # 33505-2011- TRAVIS CALHOUN & DCLK                CONLON | (255.00) |

**TAB 2**

EXHIBIT "A"

CAUSE NO. 11-06638

| | | |
|---|---|---|
| EDWARD W. BUTOWSKY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| FINANCIAL INDUSTRY REGULATORY | § | |
| AUTHORITY, INC., | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Edward W. Butowsky ("Plaintiff" or "Butowsky") files this Plaintiff's Original Petition (the "Petition") against Defendant Financial Industry Regulatory Authority, Inc. ("Defendant" or "FINRA") and respectfully shows this Court as follows:

**I.**
### INTRODUCTION

1.     This action arises from the inclusion by FINRA of clearly erroneous and false claims and disclosures on Butowsky's FINRA BrokerCheck Report.  Butowsky intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3, because this suit involves a non-monetary claim for a declaratory judgment, as well as costs and attorneys' fees.

**II.**
### PARTIES

2.     Butowsky is an individual residing in Dallas County, Texas.

3.     FINRA is a Delaware corporation with its principal place of business in Washington D.C., and may be served with process by delivering a citation and a copy of this Petition to its registered agent, Corporate Creations Network Inc., at 4265 San Felipe, #1100, Houston, Texas 77027.

**PLAINTIFF'S ORIGINAL PETITION—Page 1**

### III.
### JURISDICTION AND VENUE

4.     This Court has jurisdiction because no other court has exclusive jurisdiction of the subject matter of this case and because the relief requested is within the jurisdiction conferred upon this Court.

5.     This Court has personal jurisdiction over Defendant based upon its contacts with the State of Texas, which include, among other things, its maintaining a district office in Dallas, Texas.

6.     Pursuant to Texas Civil Practice and Remedies Code § 15.002(a), venue of this action is proper in Dallas County, Texas, because Dallas County is the county of FINRA's district office in this State, as well as Butowsky's residence.

### IV.
### FACTS APPLICABLE TO ALL CLAIMS

7.     Butowsky is a securities broker and thus a member of FINRA. As such, he is required to register with FINRA and report to it certain information regarding his professional background and experience. Among the information required to be disclosed by Butowsky to FINRA, are customer complaints. FINRA then compiles the disclosed information in its Central Registration Depository ("CRD") and reports such information to the public in the form of a "BrokerCheck Report," which is accessible through the Internet and other sources.

8.     In January of 2011, Butowsky noticed the appearance of two false and clearly erroneous disputes on his BrokerCheck Report. *See* FINRA BrokerCheck Report for Edward Wayne Butowsky, CRD # 1660615, Report # 99758-74875, data current as of Wednesday, May 25, 2011, a true and correct copy of which is attached hereto and incorporated herein as Exhibit A. The first such false and clearly erroneous dispute is listed under the heading "Customer

**PLAINTIFF'S ORIGINAL PETITION—Page 2**

Dispute – Settled," and arose from a complaint that was allegedly received on January 20, 1998. *See id*, at p. 15. According to Butowsky's BrokerCheck Report, this dispute allegedly settled in the amount of $1,560.90.[1] *See id*. The second false customer dispute is listed under the heading: "Customer Dispute – Closed-No Action/Withdrawn/Dismissed/Denied." *See id*. at p. 18. The complaint for this dispute was allegedly received on January 16, 1998, and the claimant alleged damages in the amount of $7,062.83. *See id*. Butowsky's BrokerCheck Report shows that this dispute was ultimately denied.[2] *See id*.

9.    As to Butowsky, both the Jan. 20, 1998 Dispute and the Jan. 16, 1998 Dispute are clearly erroneous and/or false. Accordingly, Butowsky seeks an order from this Court declaring that such disputes are false and clearly erroneous as to Butowsky and that Butowsky was not involved in such disputes, and ordering the expungement from his FINRA BrokerCheck Report of such disputes.

**V.**
**CAUSES OF ACTION**

**Count 1:    Declaratory Judgment.**

10.    Butowsky hereby incorporates by reference each and every allegation contained in paragraphs 1 through 9 above as if the same were restated in full herein.

11.    Pursuant to FINRA Rule 2080, members of FINRA seeking to expunge customer dispute information from the CRD system must obtain an order from a court of competent jurisdiction directing such expungement. *See* FINRA Rule 2080. FINRA also requires that it be named as a party to such judicial proceedings, unless it waives this requirement on the grounds that the allegation or information on the member's BrokerCheck Record is erroneous or false, or

---

[1] Hereinafter, this first-described dispute is referred to as the "Jan. 20, 1998, Dispute."

[2] Hereinafter, this second-described dispute is referred to as the "Jan. 16, 1998, Dispute."

**PLAINTIFF'S ORIGINAL PETITION—Page 3**

the member was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds. *See* FINRA Rule 2080. FINRA also recommends a court use these grounds as the standards to consider any expungement request. Butowsky thus requests that this Court examine the Jan. 20, 1998, Dispute and the Jan. 16, 1998, Dispute, both of which are erroneous and false as reported on Butowsky's current BrokerCheck Report. *See* Exhibit A. Such an examination will enable this Court to settle the disputes among the parties in this case, and order the expungement of the Jan. 20, 1998, Dispute and the Jan. 16, 1998, Dispute from Butowsky's BrokerCheck Report.

12.     Specifically, Butwosky requests a declaration from this Court that the Jan 20, 1998, Dispute and the Jan. 16, 1998, Dispute are false as to Butowsky. Butowsky seeks a further declaration from this Court that the Jan. 20, 1998, Dispute and the Jan. 16, 1998, Dispute are erroneous as to Butowsky. Butowsky seeks a further declaration from this Court that Butowsky was not involved in the alleged investment-related sales practice violation(s), forgery(ies), theft(s), misappropriation(s), or conversion(s) of funds that gave rise to either the Jan. 16, 1998, Dispute or the Jan. 20, 1998, Dispute. Butowsky seeks a further declaration that both the Jan. 16, 1998, Dispute and the Jan. 20, 1998, Dispute, and any and all information related thereto, must be expunged from Butowsky's BrokerCheck Report.

**Count 2:     Attorneys' fees.**

13.     Butowsky hereby incorporates by reference each and every allegation set forth in paragraphs 7 through 12 above as if the same were restated in full herein.

14.     Because this action is for declaratory judgment, Butowsky is entitled to recover his reasonable costs and attorneys' fees incurred in this action pursuant to Tex. Civ. Prac. & Rem. Code § 37.001. *et seq.*

**PLAINTIFF'S ORIGINAL PETITION—Page 4**

15.     Butowsky also seeks a recovery from Defendant for his reasonable costs and attorneys' fees as result from his claim(s), as may be permitted by equity.

### VI.
### CONDITIONS PRECEDENT

16.     All conditions precedent to Butowsky's claim for relief have been performed or have occurred.

### VII.
### REQUEST FOR DISCLOSURE

17.     Pursuant to Texas Rule of Civil Procedure 194, Butowsky requests that FINRA disclose, within fifty (50) days of the service of this request, all of the information or material described in Rule 194.2 (a)-(l).

### VIII.
### REQUEST FOR RELIEF

Considering these premises, Butowsky respectfully requests that this Court, upon final disposition of this matter, enter declaratory judgment against FINRA for the following relief:

(A)     A declaration that: (a) the Jan. 20, 1998 Dispute and the Jan. 16, 1998 Dispute are false as to Butowsky; and (b) the Jan. 20, 1998 Dispute and the Jan. 16, 1998 Dispute are erroneous as to Butowsky; and (c) Butowsky was not involved in the alleged investment-related sales practice violation(s), forgery(ies), theft(s), misappropriation(s), or conversion(s) of funds that gave rise to either the Jan. 16, 1998, Dispute or the Jan. 20, 1998, Dispute; and (d) the Jan. 16, 1998 Dispute and the Jan. 20, 1998 Dispute, and any and all information related thereto, must be expunged from Butowsky's BrokerCheck Report;

(B)     Butowsky's reasonable attorneys' fees and expenses incurred in the filing and prosecution of this action;

**PLAINTIFF'S ORIGINAL PETITION—Page 5**

(C)    All costs of court;

(D)    Any and all costs and reasonable attorneys' fees incurred in any and all related

appeals and collateral actions (if any); and,

(E)    Such other further relief to which this Court deems Butowsky is justly entitled.

Respectfully submitted,


*Kasey L. Foreman*
**Jeffrey M. Travis**
Texas State Bar No. 20191600
**Jacob B. Kring**
Texas State Bar No. 24062831
**Kasey L. Foreman**
Texas State Bar No. 24059767

**TRAVIS, CALHOUN & CONLON**
**A Professional Corporation**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
Telephone: (972) 934-4100
Telecopier: (972) 934-4101

**ATTORNEYS FOR PLAINTIFF**
**EDWARD W. BUTOWSKY**



**BrokerCheck Report**
**EDWARD WAYNE BUTOWSKY**
CRD# 1680615
Report #14878-85467, data current as of Wednesday, May 25, 2011.

| Section Title | Page(s) |
| --- | --- |
| Report Summary | 1 |
| Broker Qualifications | 2 - 3 |
| Registration and Employment History | 4 - 5 |
| Disclosure of Customer Disputes, Disciplinary, and Regulatory Events | 6 - 18 |
| About this BrokerCheck Report | 19 |

**EXHIBIT**
**A**



**FINra**

**Dear Investor:**

FINRA has generated the following BrokerCheck report for EDWARD W. BUTOWSKY. The information contained within this report has been provided by a FINRA member firm(s) and securities regulators as part of the securities industry's registration and licensing process and represents the most current information reported to the Central Registration Depository (CRD®) system.

FINRA regulates the securities markets for the ultimate benefit and protection of the investor. FINRA believes the general public should have access to information that will help them determine whether to conduct, or continue to conduct, business with a FINRA member firm or any of the member's associated persons. To that end, FINRA has adopted a public disclosure policy to make certain types of information available to you. Examples of information FINRA provides on currently registered individuals and individuals who were registered during the past ten years include: actions by regulators, investment-related civil suits, customer disputes that contain allegations of sales practice violations against brokers, all felony charges and convictions, misdemeanor charges and convictions relating to securities violations, and financial events such as bankruptcies, compromises with creditors, judgments, and liens. FINRA also provides on a permanent basis certain information on former registered individuals, if any of the following applies, as reported to CRD on a uniform registration form: (1) the person was the subject of a final regulatory event; (2) the person was convicted of or pled guilty or nolo contendere to a crime; (3) the person was the subject of a civil injunction or civil court finding involving a violation of any investment-related statute(s) or regulation(s); or (4) the person was named as a respondent or defendant in an arbitration or civil litigation that resulted in an award, decision or judgment for a customer.

When evaluating this report, please keep in mind that it may include items that involve pending actions or allegations that may be contested and have not been resolved or proven. Such items may, in the end, be withdrawn or dismissed, or resolved in favor of the firm or broker, or concluded through a negotiated settlement with no admission or finding of wrongdoing.

The information in this report is not the only resource you should consult. FINRA recommends that you learn as much as possible about the individual broker or brokerage firm from other sources, such as professional references, local consumer and investment groups, or friends and family members who already have established investment business relationships.

FINRA BrokerCheck is governed by federal law, Securities and Exchange Commission (SEC) regulations and FINRA rules approved by the SEC. State disclosure programs are governed by state law, and may provide additional information on brokers and firms licensed by the state. Therefore, you should also consider requesting information from your state securities regulator. Refer to www.nasaa.org for a complete list of state securities regulators.

Thank you for using FINRA BrokerCheck.



Using this site/information means that you accept the FINRA BrokerCheck Terms and Conditions. A complete list of Terms and Conditions can be found at brokercheck.finra.org.

For additional information about the contents of this report, please refer to the User Guidance or www.finra.org/brokercheck. It provides a glossary of terms and a list of frequently asked questions, as well as additional resources. For more information about FINRA, visit www.finra.org.

www.finra.org/brokercheck

# FINRA

## EDWARD W. BUTOWSKY

CRD# 1650615

**Currently employed by and registered with the following FINRA Firms:**

WATERFORD CAPITAL, INC.
15455 N. DALLAS PKWY STE 750
ADDISON, TX, 75001
CRD# 21687
Registered with this firm since: 05/02/2007

## Report Summary for this Broker

The report summary provides an overview of the broker's professional background and conduct. The individual broker, a FINRA-registered firm(s), and/or securities regulator(s) have provided the information contained in this report as part of the securities industry's registration and licensing process. The information contained in this report was last updated by the broker, or a previous employing brokerage firm, or a securities regulator on 06/09/2010.

### Broker Qualifications

This broker is registered with:
- 1 Self-Regulatory Organization
- 1 U.S. state or territory

Is this broker currently suspended or inactive with any regulator? No

This broker has passed:
- 0 Principal/Supervisory Exams
- 2 General Industry/Product Exams
- 1 State Securities Law Exam

### Registration and Employment History

This broker was previously registered with the following FINRA member firms:

BEAR, STEARNS & CO. INC.
CRD# 79
NEW YORK, NY
12/2003 - 06/2005

BANC OF AMERICA INVESTMENT SERVICES, INC.
CRD# 16361
BOSTON, MA
08/2003 - 12/2003

BANC OF AMERICA SECURITIES LLC
CRD# 26091
NEW YORK, NY
09/2002 - 09/2003

For additional registration and employment history details as reported by the individual broker, refer to the Registration and Employment History section of this report.

### Disclosure of Customer Disputes, Disciplinary, and Regulatory Events

This section includes details regarding disclosure events reported by or about this broker to CRD as part of the securities industry registration and licensing process. Examples of such disclosure events include formal investigations and disciplinary actions initiated by regulators, customer disputes, certain criminal charges and/or convictions, as well as financial disclosures, such as bankruptcies and unpaid judgments or liens.

Are there events disclosed about this broker?  Yes

The following types of disclosures were reported:

Customer Dispute

### Investment Adviser Representative Information

Is there information available about this individual in the Investment Adviser Public Disclosure Program?  **Yes**

©2011 FINRA. All rights reserved.   Report# 14875-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

1

## Broker Qualifications

### Registrations

This section provides the self-regulatory organizations (SROs), states and U.S. territories the broker is currently registered and licensed with, the category of each registration, and the date on which the registration became effective. This section also provides the physical location of each branch that the individual broker is associated with for each listed employment.

This individual is currently registered with 1 SRO and is licensed in 1 U.S. state or territory through his or her employer.

### Employment 1 of 1

Firm Name: WATERFORD CAPITAL, INC.
Main Office Address: 15455 N. DALLAS PKWY STE 750
ADDISON, TX 75001
Firm CRD#: 21687

| SRO | Category | Status | Date |
|-----|----------|--------|------|
| FINRA | General Securities Representative, | APPROVED | 05/022007 |

| U.S. State/Territory | Category | Status | Date |
|------|----------|--------|------|
| Texas | Agent | APPROVED | 10/09/2007 |

### Branch Office Locations

This individual does not have any registered Branch Office where the individual is located.

©2011 FINRA. All rights reserved.   Report# 14879-85467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

FINRA

User Guidance

2

FINRA

www.finra.org/brokercheck

## Broker Qualifications

### Industry Exams this Broker has Passed

This section includes all current principal/supervisory, general product/industry, and/or state securities law exams that the broker has passed. Under certain, limited circumstances, a broker may receive a waiver of an exam requirement based on a combination of previous exams passed and qualifying work experience. Likewise, a new exam requirement may be grandfathered based on a broker's specific qualifying work experience. Information regarding instances of exam waivers or the grandfathering of an exam requirement are not included as part of the BrokerCheck report.

This individual has passed 0 principal/supervisory exams, 2 general industry/product exams, and 1 state securities law exam.

### Principal/Supervisory Exams

| Exam | Category | Date |
|------|----------|------|
| No information reported. | | |

### General Industry/Product Exams

| Exam | Category | Date |
|------|----------|------|
| National Commodity Futures Examination | Series 3 | 08/09/1989 |
| General Securities Representative Examination | Series 7 | 11/21/1987 |

### State Securities Law Exams

| Exam | Category | Date |
|------|----------|------|
| Uniform Securities Agent State Law Examination | Series 63 | 12/09/1987 |

Additional information about the securities industry's qualifications and continuing education requirements, as well as the examinations administered by FINRA to brokers and other securities professionals can be found at http://www.finra.org/Industry/Compliance/Registration/QualificationsExams/index.htm.

©2011 FINRA. All rights reserved.    Report# 14878-96467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.


FINra

## Registration and Employment History

### Previously Registered with the Following FINRA Firms

FINRA records show this broker previously held FINRA registrations with the following firms:

| Registration Dates | Firm Name | CRD# | Branch Location |
|---|---|---|---|
| 12/2003 - 06/2005 | BEAR, STEARNS & CO. INC. | 79 | NEW YORK, NY |
| 08/2003 - 12/2003 | BANC OF AMERICA INVESTMENT SERVICES, INC. | 16361 | BOSTON, MA |
| 08/2002 - 08/2003 | BANC OF AMERICA SECURITIES LLC | 26091 | NEW YORK, NY |
| 07/2001 - 08/2002 | MORGAN STANLEY & CO., INCORPORATED | 8209 | NEW YORK, NY |
| 12/1987 - 08/2002 | MORGAN STANLEY DW INC. | 7556 | PURCHASE, NY |

### Employment History

This section provides up to 10 years of an individual broker's employment history, as reported by the individual broker on the most recently filed Form U4.

**Please note that the broker is required to provide this information only while registered with a FINRA firm and the information is not updated via Form U4 after the broker ceases to be registered. Therefore, an employment end date of "Present" may not reflect the broker's current employment status.**

| Employment Dates | Employer Name | Employer Location |
|---|---|---|
| 06/2010 - Present | CHAPWOOD CUSTOMHEDGE PORTFOLIO ADVISORY SEF | ADDISON, TX |
| 05/2007 - Present | WATERFORD CAPITAL, INC. | ADDISON, TX |
| 11/2006 - Present | CHAPWOOD CAPITAL INVESMENT MANAGEMANT LLC | DALLAS, TX |
| 05/2009 - 05/2010 | HNW ALTERNATIVE INVESTMENTS, LLC | NEW YORK, NY |
| 08/2005 - 11/2006 | VIEO ASSET MANAGEMENT LLC | ADDISON, TX |
| 12/2003 - 08/2005 | BEAR, STEARNS & CO. INC. | DALLAS, TX |
| 08/2002 - 12/2003 | BANC OF AMERICA SECURITIES, LLC | DALLAS, TX |
| 07/2001 - 08/2002 | MORGAN STANLEY & CO. INCORPORATED | DALLAS, TX |
| 09/1987 - 08/2002 | DEAN WITTER REYNOLDS INC. | DALLAS, TX |

©2011 FINRA. All rights reserved.   Report# 14878-89467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.



www.finra.org/brokercheck

# Registration and Employment History

## Affiliations

This section includes information, if any, as provided by the broker regarding other business activities the broker is currently engaged in either as a proprietor, partner, officer, director, employee, trustee, agent or otherwise. This section does not include non-investment related activity that is exclusively charitable, civic, religious or fraternal and is recognized as tax exempt.

MANAGING DIRECTOR - CHAPWOOD CAPITAL INVESTMENT MANGAGEMENT LLC
BARNET ENVIRONMENTAL - GENERAL PARTNER

©2011 FINRA. All rights reserved.   Report# 14676-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

5



FINRA

www.finra.org/brokercheck

# Disclosure of Customer Disputes, Disciplinary, and Regulatory Events

**What you should know and/or consider regarding any reported disclosure events:**

- Before reaching a conclusion regarding any of the information contained in this BrokerCheck report, you should ask the broker to clarify the specific event(s) listed, or to provide a response to any questions you may have.
- "Pending" actions involve unproven and/or unsubstantiated allegations.

**Disclosures in BrokerCheck reports come from different sources:**

- **Self-disclosure:** Brokers are required to answer a series of questions on their application requesting securities industry registration (Form U4). For example, brokers are asked whether they have been involved in certain regulatory, civil, criminal and financial matters (e.g., bankruptcy), or have been the subject of a customer dispute.
- **Regulator/Employer postings:** In addition, regulators and firms that have employed a broker also may contribute relevant information about such matters. All of this information is maintained in CRD.

**Certain thresholds must be met before an event is reported to CRD; for example:**

- A law enforcement agency must file formal charges before a broker is required to report a particular criminal event.
- Likewise, a regulatory agency must meet established standards before initiating a regulatory action and/or issuing sanctions. These standards typically include a reasonable basis for initiating the action after engaging in a factfinding process.

**In order for a customer dispute to be reported to CRD, a customer must:**

- Allege that their broker engaged in activity that violates certain rules or conduct governing the industry; and
- Claim damages of $5,000 or more as a result of that activity.
- (Note: customer disputes may be more subjective in nature than a criminal or regulatory action)

**What you should consider when evaluating the status or disposition of a reported disclosure event:**

- Disclosure events may be *pending*, on *appeal*, or *final*. *Pending* and 'on *appeal*' matters reflect allegations that (1) have not been proven or formally adjudicated, or (2) have been adjudicated but are currently being appealed. *Final* matters generally may be adjudicated, settled or otherwise resolved.
    - *An adjudicated matter* includes a disposition by (1) a court of law in a criminal or civil matter or (2) an administrative panel in an action brought by a regulator that is contested by the party charged with some alleged wrongdoing.
    - *A settled matter* generally represents a disposition wherein parties involved in a dispute reach an agreement to resolve the matter.
    - (Note: brokers may choose to settle customer disputes or regulatory matters for business or other reasons)
    - *Customer disputes also may be resolved* without any payment to the customer or any finding of wrongdoing on the part of the individual broker.

👁 Possible multiple reporting sources -- please note:

Disclosure details may be reported by more than one source (i.e. regulator, firm or broker). When this occurs, all versions of the event will appear in the BrokerCheck report. The different versions of the same disclosure event are separated by a solid line with the reporting source labeled.

5

©2011 FINRA. All rights reserved.   Report 14878-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday May 25, 2011.



FINℝa

7

Customer Dispute

Pending
0

Final
5

On Appeal
N/A

www.finra.org/brokercheck

©2011 FINRA. All rights reserved.   Report# 14878-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

FINRA

User Guidance

## Disclosure Event Details

When evaluating this information, please keep in mind that a number of items may involve pending actions or allegations that may be contested and have not been resolved or proven. The items may, in the end, be withdrawn or dismissed, or resolved in favor of the individual broker, or concluded through a negotiated settlement for certain business reasons (e.g., to maintain customer relationships or to limit the litigation costs associated with disputing the allegations) with no admission or finding of wrongdoing.

This report provides the information exactly as it was reported to CRD by the individual broker, a member firm(s), and/or by securities industry regulators. Some of the specific data fields contained in the report may be blank if the information was not provided to CRD.

### Customer Dispute - Award/Judgment

This section provides information regarding a final, customer dispute that was reported to CRD by the individual broker, a member firm, and/or a securities regulator. The event may include a final, consumer-initiated, investment-related arbitration proceeding or civil suit that contains allegations of sales practice violations against the individual broker and resulted in an award to the customer(s), a decision for the customer(s), or a judgment (other than monetary) to the customer(s). Note: An arbitration may contain more than one request or award for a certain Relief Type (e.g., Actual/Compensatory Damages) to one or more claimants.

**Disclosure 1 of 1**

| | |
|---|---|
| Reporting Source: | Regulator |
| Employing firm when activities occurred which led to the complaint: | MORGAN STANLEY DW INC., |
| Allegations: | NEGLIGENCE, BREACH OF FIDUCIARY DUTY, COMMON LAW FRAUD, STATUTORY FRAUD, |
| Product Type: | Other |
| Other Product Type(s): | COMMON STOCKS |
| Alleged Damages: | $1,100,000.00 |

**Arbitration Information**

| | |
|---|---|
| Arbitration/Reparation Claim filed with and Docket/Case No.: | NASD - CASE #03-05542 |
| Date Notice/Process Served: | 07/29/2003 |
| Arbitration Pending? | No |
| Disposition: | Award |

©2011 FINRA. All rights reserved.   Report 14875-85467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

www.finra.org/broker-check

FINRA

www.finra.org/brokercheck

| | |
|---|---|
| Disposition Date: | 11/30/2004 |
| Disposition Detail: | RESPONDENT IS JOINTLY AND SEVERALLY LIABLE TO AND SHALL PAY TO CLAIMANT THE SUM OF $300,000, PLUS INTEREST. |

| | |
|---|---|
| Reporting Source: | Firm |
| Employing firm when activities occurred which led to the complaint: | MORGAN STANLEY |
| Allegations: | CUSTOMER ALLEGES, INTER ALIA, THAT HER PORTFOLIO SHOULD HAVE CONTAINED A FIXED INCOME COMPONENT TO PROTECT HER PRINCIPAL, AND THAT WE (IED AND KIM SAMS) DID NOT KEEP HER FROM SPENDING TOO MUCH MONEY. DAMAGE AMOUNT UNSPECIFIED. |
| Product Type: | Other |
| Other Product Type(s): | EQUITY LISTED-EQUITY OTC |
| Alleged Damages: | $0.00 |
| **Customer Complaint Information** | |
| Date Complaint Received: | 03/01/2003 |
| Complaint Pending? | No |
| Status: | Arbitration/Reparation |
| Status Date: | 07/31/2003 |
| Settlement Amount: | |
| Individual Contribution Amount: | |
| **Arbitration Information** | |
| Arbitration/Reparation Claim filed with and Docket/Case No.: | ARBITRATION/REPARATION FILED 7/28/03 NASD DISPUTE RESOLUTION CASE NUMBER 03-05543 |
| Date Notice/Process Served: | 07/31/2003 |
| Arbitration Pending? | No |
| Disposition: | Award to Customer |
| Disposition Date: | 11/30/2004 |

©2011 FINRA. All rights reserved.  Report# 14676-80467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

FINJA

User Guidance

10

| | |
|---|---|
| Monetary Compensation Amount: | $300,000.00 |
| Individual Contribution Amount: | |
| | |
| Reporting Source: | Firm. |
| Employing firm when activities occurred which led to the complaint: | MORGAN STANLEY DW, INC |
| Allegations: | CUSTOMER ALLEGES, INTER ALIA, THAT HER PORTFOLIO SHOULD HAVE CONTAINED A FIXED INCOME COMPONENT TO PROTECT HER PRINCIPAL. DAMAGES UNSPECIFIED. |
| Product Type: | Equity - OTC |
| Other Product Type(s): | EQUITY LISTED |
| Alleged Damages: | $0.00 |
| **Customer Complaint Information** | |
| Date Complaint Received: | 03/01/2003 |
| Complaint Pending? | No |
| Status: | Arbitration/Reparation |
| Status Date: | 11/30/2004 |
| Settlement Amount: | |
| Individual Contribution Amount: | |
| **Arbitration Information** | |
| Arbitration/Reparation Claim filed with and Docket/Case No.: | NASD 03-05543 |
| Date Notice/Process Served: | 07/31/2003 |
| Arbitration Pending? | No |
| Disposition: | Award to Customer |
| Disposition Date: | 11/30/2004 |

©2011 FINRA. All rights reserved.   Report #4878-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

FINRA

| | |
|---|---|
| **Monetary Compensation Amount:** | $375,000.00 |
| **Individual Contribution Amount:** | $0.00 |

| | |
|---|---|
| **Reporting Source:** | Broker |
| **Employing firm when activities occurred which led to the complaint:** | MORGAN STANLEY DW, INC. |
| **Allegations:** | CUSTOMER ALLEGED, INTER ALIA, THAT HER PORTFOLIO SHOULD HAVE CONTAINED A FIXED INCOME COMPONENT TO PROTECT HER PRINCIPAL. DAMAGES UNSPECIFIED. |
| **Product Type:** | Other |
| **Other Product Type(s):** | EQUITY LISTED |
| **Alleged Damages:** | $0.00 |

**Customer Complaint Information**

| | |
|---|---|
| **Date Complaint Received:** | 03/01/2003 |
| **Complaint Pending?** | No |
| **Status:** | Arbitration/Reparation |
| **Status Date:** | 07/31/2003 |
| **Settlement Amount:** | |
| **Individual Contribution Amount:** | |

**Arbitration Information**

| | |
|---|---|
| **Arbitration/Reparation Claim filed with and Docket/Case No.:** | NASD 03-05543 |
| **Date Notice/Process Served:** | 07/31/2003 |
| **Arbitration Pending?** | No |
| **Disposition:** | Award to Customer |
| **Disposition Date:** | 11/30/2004 |

©2011 FINRA. All rights reserved.   Report 14878-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

11

www.finra.org/brokercheck

FINRA
User Guidance

12

**Monetary Compensation Amount:** $375,000.00

**Individual Contribution Amount:** $0.00

**Summary:** I MAINTAIN THAT THE ALLEGATIONS PRESENTED IN THIS AWARD ARE UNFOUNDED AND WITHOUT MERIT. THE CUSTOMER WOULD HAVE LOST 27% AS A RESULT OF THE GENERAL MARKET DECLINE IF SHE HAD MAINTAINED THE PORTFOLIO FROM HER PREVIOUS BROKERAGE FIRM. THE PORTFOLIO WE RECOMMENDED REPRESENTED LESS RISK AND WAS ONLY DOWN 8% DURING THE SAME TIME PERIOD (WORST BEAR MARKET IN HISTORY). THE MARKET ITSELF WAS DOWN 33.6%. OUR RECOMMENDATIONS ACTUALLY SAVED THE CUSTOMER MONEY. THE AWARD WHICH WAS FOUND JOINT AND SEVERAL WAS PAID IN FULL BY MY PREVIOUS FIRM. I WAS NOT ASKED TO CONTRIBUTE.

©2011 FINRA. All rights reserved. Report# 14878-85467 about EDWARD W. BUTOWSKY. Data content as of Wednesday, May 25, 2011.

FINTA

User Guidance

## Customer Dispute - Settled

This section provides information regarding a settled customer dispute that was reported to CRD by the individual broker, a member firm, and/or a securities regulator. The event may include a consumer-initiated complaint, investment-related arbitration proceeding or civil suit that contains allegations of sale practice violations against the individual broker and resulted in a monetary settlement to the customer(s).

**Disclosure 1 of 3**

**Reporting Source:** Firm

**Employing firm when activities occurred which led to the complaint:** MORGAN STANLEY DW INC.

**Allegations:** CLIENT ALLEGED THAT BROKER AND FIRM FAILED TO EXECUTE SEVERAL SWITCHES FROM ONE SECURITY TO ANOTHER EXACTLY AS INSTRUCTED IN NOVEMBER 2000.

**Product Type:** Other: EXCHANGE-TRADED FUNDS

**Alleged Damages:** $500,000.00

**Is this an oral complaint?** No

**Is this a written complaint?** Yes

**Is this an arbitration/CFTC reparation or civil litigation?** No

### Customer Complaint Information

**Date Complaint Received:** 02/25/2000

**Complaint Pending?** No

**Status:** Evolved into Arbitration/CFTC reparation (the individual is a named party)

**Status Date:** 02/25/2002

**Settlement Amount:** $230,000.00

**Individual Contribution Amount:** $80,000.00

### Arbitration Information

**Arbitration/CFTC reparation claim filed with (FINRA, AAA, CFTC, etc.):** NYSE

**Docket/Case #:** 2001-009249

©2011 FINRA. All rights reserved.   Report# 14678-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

13

FINRA

www.finra.org/brokercheck

| | |
|---|---|
| **Date Notice/Process Served:** | 07/16/2001 |
| **Arbitration Pending?** | No |
| **Disposition:** | Settled |
| **Disposition Date:** | 02/25/2002 |
| **Monetary Compensation Amount:** | $230,000.00 |
| **Individual Contribution Amount:** | $0.00 |

| | |
|---|---|
| **Reporting Source:** | Broker |
| **Employing firm when activities occurred which led to the complaint:** | MORGAN STANLEY DW INC. |
| **Allegations:** | CLIENT ALLEGED THAT BROKER AND FIRM FAILED TO EXECUTE SEVERAL SWITCHES FROM ONE SECURITY TO ANOTHER EXACTLY AS INSTRUCTED IN NOVEMBER 2000. |
| **Product Type:** | Other |
| **Other Product Type(s):** | EXCHANGE - TRADED FUNDS |
| **Alleged Damages:** | $500,000.00 |

**Customer Complaint Information**

| | |
|---|---|
| **Date Complaint Received:** | 01/29/2001 |
| **Complaint Pending?** | No |
| **Status:** | Arbitration/Reparation |
| **Status Date:** | 02/25/2002 |
| **Settlement Amount:** | |
| **Individual Contribution Amount:** | |

**Arbitration Information**

| | |
|---|---|
| **Arbitration/Reparation Claim filed with and Docket/Case No.:** | NYSE NO. 2001-006249 |
| **Date Notice/Process Served:** | 07/16/2001 |

©2011 FINRA. All rights reserved. Report# 14879-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

14

**FINRA**

www.finra.org/brokercheck

| | |
|---|---|
| Arbitration Pending? | No |
| Disposition: | Settled |
| Disposition Date: | 02/25/2002 |
| Monetary Compensation Amount: | $230,000.00 |
| Individual Contribution Amount: | $80,000.00 |

**Disclosure 2 of 3**

| | |
|---|---|
| Reporting Source: | Broker |
| Employing firm when activities occurred which led to the complaint: | |
| Allegations: | CUSTOMER ALLEGED, INTER QUE, AN UNAUTHORIZED TRANSACTION. NO SPECIFIC DAMAGES WERE CLAIMED. |
| Product Type: | |
| Alleged Damages: | |

**Customer Complaint Information**

| | |
|---|---|
| Date Complaint Received: | 01/20/1998 |
| Complaint Pending? | No |
| Status: | Settled |
| Status Date: | |
| Settlement Amount: | $1,560.90 |
| Individual Contribution Amount: | |
| Summary: | IN ORDER TO AVOID THE EXPENSE AND DISRUPTION OF CONTINUED DISPUTE, AND WITHOUT ADMITTING LIABILITY, THE MATTER WAS SETTLED BY ADJUSTING CERTAIN POSITIONS AND MAKING A CASH CREDIT, THE NET COSTS OF WHICH TOTALLED $1560.90 Not Provided |

**Disclosure 3 of 3**

| | |
|---|---|
| Reporting Source: | Firm |

©2011 FINRA. All rights reserved. Report# 14878-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

15

FINra

16

| Employing firm when activities occurred which led to the complaint: | DEAN WITTER |
| --- | --- |
| Allegations: | UNSUITABLE RECOMMENDATIONS. |
| Product Type: | Equity Listed (Common & Preferred Stock) |
| Alleged Damages: | $22,000.00 |

**Customer Complaint Information**

| Date Complaint Received: | 09/06/1991 |
| --- | --- |
| Complaint Pending? | No |
| Status: | Settled |
| Status Date: | 09/11/1991 |
| Settlement Amount: | $19,390.58 |
| Individual Contribution Amount: | $13,286.58 |
| Summary: | DEAN WITTER PAID $19,390.58. AE IS PAYING BACK TO DEAN WITTER, OVER (12) MONTH TIME, $13,286.58 RECOMMENDATIONS WERE CONSISTENT WITH MY UNDERSTANDING OF HER OBJECTIVES & APPROVED IN ADVANCE BY HER. |

| Reporting Source: | Broker |
| --- | --- |
| Employing firm when activities occurred which led to the complaint: | DEAN WITTER |
| Allegations: | UNSUITABLE RECOMMENDATIONS. ALLEGED LOSS: $22K |
| Product Type: | |
| Alleged Damages: | $22,000.00 |

**Customer Complaint Information**

| Date Complaint Received: | 09/06/1991 |
| --- | --- |
| Complaint Pending? | No |
| Status: | Settled |

©2011 FINRA. All rights reserved.   Report# 14878-85467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

FINRA

User Guidance

17

www.finra.org/brokercheck

**Status Date:**

**Settlement Amount:** $19,390.58

**Individual Contribution Amount:** $13,286.58

**Summary:** DEAN WITTER PAID $19,390.58. AE IS PAYING BACK TO DEAN WITTER, OVER (12) MONTH TIME. $13,286.58. RECOMMENDATIONS WERE CONSISTENT WITH MY UNDERSTANDING OF HER OBJECTIVES & APPROVED IN ADVANCE BY HER.

©2011 FINRA. All rights reserved. Report# 14878-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

FINra

## Customer Dispute - Closed-No Action/Withdrawn/Dismissed/Denied

This section provides information regarding a final, customer dispute that was reported to CRD by the individual broker, a member firm, and/or a securities regulator. The event may include a final, consumer-initiated, investment-related arbitration proceeding or civil suit that contains allegations of sales practice violations against the individual broker and did not result in an award for monetary damages in favor of the customer(s), and was dismissed, withdrawn, or denied. It may also include a final, consumer-initiated, investment-related written complaint, which contains either allegations of sales practice violations against the broker and compensatory damages of $5,000 or more, or includes allegations of forgery, theft, or misappropriation or conversion of funds or securities that was closed without action, withdrawn or denied.

**Disclosure 1 of 1**

**Reporting Source:** Broker

**Employing firm when activities occurred which led to the complaint:**

**Allegations:** CUSTOMER ALLEGES THAT PURCHASE AND SALE OF STOCK WERE NOT AUTHORIZED. CUSTOMER ALLEGES DAMAGES OF $7,062.83

**Product Type:**

**Alleged Damages:** $7,062.83

### Customer Complaint Information

**Date Complaint Received:** 01/16/1998

**Complaint Pending?** No

**Status:** Denied

**Status Date:**

**Settlement Amount:**

**Individual Contribution Amount:**

**Summary:** COMPLAINT DENIED
DENY THE CUSTOMER'S ALLEGATIONS OF UNAUTHORIZED ACTIVITY. AT ONLY DID CUSTOMER SPECIFICALLY INSTRUCT THESE TRADES, BUT HE DELAYED FOR MORE THAN TWO MONTHS RAISING
ANY QUESTIONS REGARDING THE PROPRIETY OF THE TRANSACTION.

©2011 FINRA. All rights reserved.   Report# 14878-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.



www.finra.org/brokercheck

## About this BrokerCheck Report

BrokerCheck reports are part of a FINRA initiative to disclose information about FINRA-registered firms and individual brokers to help investors determine whether to conduct, or continue to conduct, business with these firms and brokers. The information contained within these reports is collected through the securities industry's registration and licensing process.

**Who provides the information in BrokerCheck?**
Information made available through BrokerCheck is obtained from CRD as reported through the industry registration and licensing process.

The forms used by brokerage firms, to report information as part of the firms registration and licensing process, Forms BD and BDW, are established by the SEC and adopted by all state securities regulators and SROs. FINRA and the North American Securities Administrators Association (NASAA) establish the Forms U4 and U5, the forms that are used for the registration and licensing process for individual brokers. These forms are approved by the SEC. Regulators report disciplinary information for firms and individual brokers via Form U6.

**How current is the information contained in BrokerCheck?**
Brokerage firms and brokers are required to keep this information accurate and up-to-date (typically not later than 30 days after learning of an event). BrokerCheck data is updated when a firm, broker, or regulator submits new or revised information to CRD. Generally, updated information is available on BrokerCheck Monday through Friday.

**What information is NOT disclosed through BrokerCheck?**
Information that has not been reported to CRD and certain information that is no longer required to be reported through the registration and licensing process is not disclosed through BrokerCheck. Examples of events that are not required to be reported or are no longer reportable include: judgments and liens originally reported as outstanding that have been satisfied and bankruptcy proceedings filed more than 10 years ago.

Additional information not disclosed through BrokerCheck includes Social Security Numbers, residential history information, and physical description information. On a case-by-case basis, FINRA reserves the right to exclude information that contains confidential customer information, offensive and potentially defamatory language or information that raises significant identity theft or privacy concerns that are not outweighed by investor protection concerns. FINRA Rule 8312 describes in detail what information is and is not disclosed through BrokerCheck.

Under FINRA's current public disclosure policy, in certain limited circumstances, most often pursuant to a court order, information is expunged from CRD. Further information about expungement from CRD is available in FINRA notices 99-09, 99-54, 01-65, and 04-16 at www.finra.org.

For further information regarding FINRA's BrokerCheck program, please visit FINRA's Web site at www.finra.org/brokercheck or call the FINRA BrokerCheck Hotline at (800) 289-9999. This hotline is open Monday through Friday from 8:00 a.m. to 8:00 p.m., Eastern Time (ET).

For more information about the following, select the associated link:

- About BrokerCheck Reports:   http://www.finra.org/brokercheck_reports
- Glossary:   http://www.finra.org/brokercheck_glossary
- Questions Frequently Asked about BrokerCheck Reports:   http://www.finra.org/brokercheck_faq
- Terms and Conditions:   http://brokercheck.finra.org/terms.aspx

©2011 FINRA. All rights reserved.   Report 14878-86467 about EDWARD W. BUTOWSKY. Data current as of Wednesday, May 25, 2011.

**TAB 3**

EXHIBIT "B"

Case No. 11-06638

| | |
|---|---|
| Edward W. Butowsky, | IN THE DISTRICT COURT |
| Plaintiff, | |
| | DALLAS COUNTY, TEXAS |
| v. | |
| Financial Industry Regulatory Authority, Inc., | 160th-H JUDICIAL DISTRICT |
| Defendant. | |

## FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
## NOTICE OF FILING FOR REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that Defendant Financial Industry Regulatory Authority, Inc. has, pursuant to federal law, filed with the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, its Notice of Removal, a copy of which is attached as Exhibit A, and that this action is removed to the United States District Court as of today, July 6, 2011. This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

DATE: July 6, 2011

Respectfully submitted,

Michael L. Raiff, SBN 00784803
mraiff@gibsondunn.com

Kevin Petty Grady, SBN 24069818
kgrady@gibsondunn.com

Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Telephone: 214.698.3100
Fax: 214.571.2900

ATTORNEYS FOR DEFENDANT FINANCIAL
INDUSTRY REGULATORY AUTHORITY, INC.

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of Financial Industry Regulatory Authority, Inc.'s

Notice of Filing for Removal was served by facsimile and certified mail, return receipt requested,

upon counsel of record for Edward W. Butowsky, on this 6th day of July, 2011.

Kevin Grady