IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

Edward W. Butowsky,

       Plaintiff,

  v.

Financial Industry Regulatory Authority, Inc.,

       Defendant.

CIVIL ACTION NO. 3:11-CV-01491-B

## FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO DISMISS AND SUPPORTING BRIEF

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ...................................................................... 1

II.  PROCEDURAL HISTORY........................................................ 2

III. BACKGROUND ...................................................................... 2

    A.   FINRA's Role as a Self-Regulatory Organization................................. 2

    B.   FINRA's Responsibilities in Collecting and Maintaining Securities
        Industry Registration Information................................... 3

    C.   Disclosure of Securities Industry Registration Information to the
        SEC, Other Regulators, and the Public............................ 4

    D.   FINRA's Authority Governing Expungement of Arbitration Claims
        from CRD and BrokerCheck ......................................... 5

    E.   As a Registered Representative of a FINRA Member Firm, Mr.
        Butowsky is Bound by the Standards Set Forth in FINRA Rules
        2080 and 8312.................................................. 6

IV.  MR. BUTOWSKY FAILS TO STATE A CLAIM UPON WHICH
    RELIEF CAN BE GRANTED, AND AS SUCH, IT MUST BE
    DISMISSED ......................................................... 7

    A.   Legal Standard for the Motion to Dismiss Under FRCP 12(b)(6)............. 7

    B.   Mr. Butowsky's Petition Does Not, and Cannot, Raise a Reasonable
        Inference of FINRA's Liability Because He Cannot Satisfy the
        Standards Under FINRA Rule 2080 ................................. 7

        1.   Mr. Butowsky does not offer any factual finding required
            under FINRA Rule 2080(b)(1) for expungement. .................... 7

        2.   In addition, "extraordinary circumstances" warrant the
            inclusion of Mr. Butowsky's complaint information, not
            expungement. ................................................ 8

    C.   Mr. Butowsky's Petition Does Not, and Cannot, Raise a Reasonable
        Inference of FINRA's Liability Because FINRA's Disclosures Are
        Consistent with FINRA Rule 8312 ................................. 9

**TABLE OF CONTENTS** *(continued)*

Page

D.   Mr. Butowsky Cannot Raise a Reasonable Inference of FINRA's Liability to Him for Monetary Damages as FINRA is Absolutely Immune for Liability in Discharging its Regulatory Duties ................................ 10

V.   CONCLUSION AND PRAYER ................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Austin Mun. Sec.v. Nat'l Ass'n of Sec. Dealers, Inc.*,
    757 F.2d 676 (5th Cir. 1985) ................................................................ 2, 3, 11, 12

*Barbara v. NYSE, Inc.*,
    99 F.3d 49 (2d Cir. 1996) ................................................................................... 12

*Bell Atl. Corp. v. Twombly*,
    127 S. Ct. 1955 (2007) ........................................................................................ 8

*Browne v. Nat'l Ass'n of Sec. Dealers, Inc.*,
    Civil Action No. 3:05-cv-2469-G, 2006 U.S. Dist. LEXIS 35507 (N.D.
    Tex., May 31, 2006), *reconsideration denied*, 2006 U.S. Dist. LEXIS
    90657 (N.D. Tex., Dec. 14, 2006) .............................................................. 10, 12

*In re Series 7 Broker Qualification Exam Scoring*,
    548 F.3d 110 (D.C. Cir. 2008) ........................................................................... 12

*Meyers v. NASD, Inc.*,
    No. 95-CV-75077, 1996 U.S. Dist. LEXIS 6044 (E.D. Mich. Mar. 29,
    1996) .................................................................................................................. 4

*MM&S Financial, Inc., v. NASD, Inc., et al.*,
    364 F.3d 908 (8th Cir. 2004) ............................................................................ 12

*Sparta Surgical Corp. v. NASD, Inc.*,
    159 F.3d 1209 (9th Cir. 1998) ........................................................................... 12

*Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*,
    637 F.3d 112 (2d Cir. 2011) .............................................................................. 11

*Sullivan v. Leor Energy LLC*,
    600 F.3d 542 (5th Cir. 2010) ............................................................................... 8

*United States v. NASD, Inc.*
    422 U.S. 694 (1975) ............................................................................................ 3

## Statutes

15 U.S.C. § 78o-3(i) ..................................................................................................... 4

15 U.S.C. § 78o-3(i)(1)(A) ............................................................................................ 3

15 U.S.C. § 78o-3(i)(4) ................................................................................................ 11

15 U.S.C. § 78o-3(i)(5) .................................................................................................. 3

15 U.S.C. § 78o-3, *et seq.* ............................................................................................. 2

15 U.S.C. § 78s(b) ......................................................................................................... 3

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

## Other Authorities

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216
    (3d ed. 2004) ........................................................................................................... 8

## Rules

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 8

FINRA Rule 2080(b)(1) ............................................................................................... 6, 9

FINRA Rule 2080(b)(2) ............................................................................................... 6, 9

## Regulations

SEC, Release No. 34-48161, 68 Fed. Reg. 42444 (July 17, 2003) ................................. 4

SEC, Release No. 34-48933, 68 Fed. Reg. 74667 (Dec. 16, 2003) ............................... 6

SEC, Release No. 34-52544, 70 Fed. Reg. 58764 (Oct. 7, 2005) ................................. 3

SEC, Release No. 34-62476, 75 Fed. Reg. 41254 (July 15, 2010) ............................... 5

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Financial Industry Regulatory Authority, Inc. ("FINRA"), respectfully moves this Court to enter an Order dismissing Plaintiff's Original Petition in its entirety and with prejudice. FINRA respectfully shows this Court the following:

## I.    INTRODUCTION

Accurate information about a registered representative's (sometimes known as a "broker" or a "financial advisor") complaint history plays a critical part in protecting investors. Regulators use it to make various determinations about a registered representative, including whether to license him or her in a particular jurisdiction. Brokerage firms need it to assess the risks associated with hiring and supervising a particular registered representative. Investors can, and do, use this information in deciding who will help them manage their finances and plan for their future. Consequently, it stands to reason that FINRA, which is the securities industry's chief self-regulatory organization, has very clear standards for disclosing this complaint history to the public as well as expunging it from the Central Registration Depository database ("CRD").

Here, plaintiff Edward W. Butowsky seeks expungement of two customer complaints from his CRD record. To obtain expungement, FINRA requires that Mr. Butowsky obtain an affirmative judicial or arbitral finding that the complaint was clearly erroneous or false or that the individual identified in the complaint was not involved in the alleged misconduct. Mr. Butowsky cannot meet this standard. He merely asks that the Court accept on faith, without offering any explanation or facts whatsoever, that two complaints lodged over 13 years ago that appear on his record are now somehow false and/or clearly erroneous. This argument fails and his complaint must be dismissed.

Below, FINRA explains how Mr. Butowsky's argument fails by first offering an overview of its role in regulating participants in the securities industry, and in particular, its role

1

in managing the CRD system. FINRA then articulates the standards that control disclosure of information on CRD to the public and the expungement of information from CRD. With this background, FINRA then offers why, even after considering Mr. Butowsky's Petition in the most favorable light possible, it does not state a claim upon which this Court can grant relief.

## II.    PROCEDURAL HISTORY

On or about May 26, 2011, Mr. Butowsky commenced an action in the District Court for the 160th Judicial District, Dallas County, Texas, via a Plaintiff's Original Petition styled *Edward W. Butowsky v. Financial Industry Regulatory Authority, Inc.* (the "Petition") under Case No. DC-11-06638. On July 6, 2011, FINRA removed the matter to this Court, the U.S. District Court for the Northern District of Texas, Dallas Division. This Motion follows.

## III.    BACKGROUND

### A.    FINRA's Role as a Self-Regulatory Organization

FINRA is a private, not-for-profit Delaware corporation and a self-regulatory organization ("SRO") registered with the Securities and Exchange Commission (the "SEC") as a national securities association pursuant to the 1938 Maloney Act amendments to the Securities Exchange Act of 1934 ("Exchange Act"). Maloney Act, Pub. L. No. 719, 52 Stat. 1070 (1938) (codified within the Exchange Act at 15 U.S.C. § 78o-3, *et seq.*). *See Austin Mun. Sec. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 757 F.2d 676, 679-80 (5th Cir. 1985).[1] As an SRO, FINRA is part of the Exchange Act's highly interrelated and comprehensive mechanism for regulating the securities markets and its participants. *Id.* In this regulatory system, the SEC exercises significant supervisory authority over FINRA, including, with limited exceptions not relevant here, approving all FINRA rules, policies, practices, and interpretations before FINRA may

---

[1] Prior to July 30, 2007, FINRA's corporate name was National Association of Securities Dealers, Inc. ("NASD"). This brief will refer to FINRA, except where the NASD name appears in a caption.

2

implement them. 15 U.S.C. § 78s(b). *See, e.g., United States v. NASD, Inc.* 422 U.S. 694, 732-33 (1975); *Austin,* 757 F.2d at 680. This includes all FINRA rules at issue in this litigation.

**B.      FINRA's Responsibilities in Collecting and Maintaining Securities Industry Registration Information**

The Exchange Act requires SROs to execute various functions in regulating the securities industry, among which is to "establish and maintain a system for collecting and retaining registration information" including "information reported in connection with the registration or licensing of brokers and dealers and their associated persons, including disciplinary actions, regulatory, judicial, and arbitration proceedings, and other information required by law, or exchange or association rule." 15 U.S.C. §§ 78o-3(i)(1)(A) and (i)(5). The SEC has approved two forms that FINRA uses to collect information on registered representatives such as Mr. Butowsky: Form U4, which records certain information when a member firm registers a particular representative; and Form U5, which records other information when a member firm terminates a representative's registration. *See, e.g.,* SEC, Release No. 34-52544, 70 Fed. Reg. 58764 (Oct. 7, 2005); SEC, Release No. 34-48161, 68 Fed. Reg. 42444 (July 17, 2003). FINRA maintains these forms – which seek, among other data, information on customer complaints, arbitration claims and regulatory and enforcement actions taken against securities industry personnel – in CRD, a database that FINRA and the fifty states' securities commissions developed. *Meyers v. NASD, Inc.*, No. 95-CV-75077, 1996 U.S. Dist. LEXIS 6044, at *2-3 (E.D. Mich. Mar. 29, 1996). Securities firms are obligated to file Forms U4 and U5 and to update them promptly and accurately whenever they receive new, responsive information about their registered representatives, including customer complaints and arbitration claims. *Id.* at *3, nn.2 & 3.

C.    **Disclosure of Securities Industry Registration Information to the SEC, Other Regulators, and the Public**

FINRA operates CRD for the benefit of a wide range of securities industry participants. For example, the SEC uses this information in discharging its regulatory duties. State securities regulators, including Texas's State Securities Board, review a registered representative's full CRD record when evaluating his or her licensing application. Securities firms must review a registered representative's CRD record when making hiring and supervisory decisions. *Id.* at *2-3.

In accordance with the Exchange Act's mandate (15 U.S.C. § 78o-3(i)), FINRA makes certain information on CRD available to the public through its BrokerCheck disclosure program. BrokerCheck, which is available through a toll-free telephone number or via FINRA's website, ensures that investors have the opportunity to learn valuable information about a registered representative's activities before they engage his or her services. FINRA Rule 8312 outlines the information that FINRA makes available through BrokerCheck, a copy of which is attached as *Exhibit A. See* Appendix to Financial Industry Regulatory Authority, Inc.'s Brief in Support of Motion to Dismiss ("Appendix") at 4.[2] The SEC most recently reviewed and approved amendments to Rule 8312 in July 2010 that expanded the range of disclosures made available through that program. SEC, Order Approving a Proposed Rule Change to Amend FINRA Rule 8312 (FINRA BrokerCheck Disclosure), Release No. 34-62476, 75 Fed. Reg. 41254 (July 15, 2010). In approving these amendments, the SEC noted that the expanded disclosures on

---

[2]  The Court may consider documents properly attached to a Rule 12(b)(6) motion to dismiss so long as the documents are those on which the plaintiff's complaint necessarily relies. *Sullivan v. Leor Energy LLC,* 600 F.3d 542, 546 (5th Cir. 2010). Insofar as Mr. Butowsky seeks expungement of complaint information reported to CRD on his Form U4 and other sources and disclosed to the public via BrokerCheck (a copy of his then-current BrokerCheck report is attached to the Petition), his Petition necessarily relies on the Form U4 itself (part of which is referenced *infra* as *Exhibit C*) as well as standards controlling the disclosure of these complaints (Rule 8312) and expungement (Rule 2080, also referenced *infra* as *Exhibit B*).

4

BrokerCheck are consistent with the Exchange Act's mandate that FINRA's rules "protect investors and the public interest" and "will further help members of the public to evaluate an individual's record." *Id.* at 41257.

### D. FINRA's Authority Governing Expungement of Arbitration Claims from CRD and BrokerCheck

As noted, information on CRD serves vital regulatory and investor protection purposes. Therefore, FINRA has enacted very specific rules governing the circumstances under which it will expunge accurate customer complaint and arbitration claim information from CRD. FINRA does not expunge such information except under limited circumstances, and even then, pursuant to court order.

As Mr. Butowsky concedes, FINRA's Rule 2080, attached for reference as *Exhibit B* (*See* Appendix at 8), applies to requests for expungement. Petition ¶ 11. Pursuant to the Rule, FINRA must be named "as an additional party" to any litigation seeking expungement of customer complaint information unless, upon request, FINRA waives this requirement. FINRA may waive this requirement if the request is based on an affirmative judicial or arbitral finding that: The claim, allegation or information is factually impossible or clearly erroneous; the registered representative was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds; or the claim, allegation, or information is false. FINRA Rule 2080(b)(1). FINRA may also waive this requirement if the request is based on other judicial or arbitral findings if the expungement relief and the accompanying findings on which it is based are meritorious and expungement would have no material adverse effect on investor protection, the integrity of the CRD system, or regulatory requirements. FINRA Rule 2080(b)(2).

In approving Rule 2080, the SEC found that it was "a clear improvement over the [then] current system for the expungement of information from the CRD system" and that it would "ensure that investors and regulators have access to more accurate information through the CRD system." SEC, Order Granting Approval of Proposed Rule Change . . . Relating to Proposed NASD Rule 2130 Concerning the Expungement of Customer Dispute Information from the Central Registration Depository, Release No. 34-48933, 68 Fed. Reg. 74667, 74671 (Dec. 16, 2003).[3] The SEC agreed that the requirement of an "affirmative determination" in issuing an expungement order would greatly reduce "the ability of members and associated persons to 'buy clean records'" through favorable settlement terms. *Id.* The SEC also noted that Rule 2080 is consistent with the Exchange Act's goal "to protect investors and the public interest." *Id.*

### E.   As a Registered Representative of a FINRA Member Firm, Mr. Butowsky is Bound by the Standards Set Forth in FINRA Rules 2080 and 8312

Mr. Butowsky has been a registered representative of a number of different securities firms throughout his career. Most recently, he registered with Waterford Capital, a securities broker-dealer and FINRA member firm, in April 2007. At that time, Mr. Butowsky electronically executed a Form U4 in which he made the following certification:

> I apply for registration with the *jurisdictions* and *SROs* indicated in Section 4 (SRO REGISTRATION) and Section 5 (JURISDICTION REGISTRATION) as may be amended from time to time and, in consideration of the *jurisdictions* and *SROs* receiving and considering my application, **I submit to the authority of the *jurisdictions* and *SROs* and agree to comply with all provisions, conditions and covenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and regulations of the *jurisdictions* and *SROs* as they are or may be adopted, or amended from time to time.** I further agree to be subject to and comply with all requirements, rulings, orders, directives and decisions of, and penalties, prohibitions and limitations imposed by the *jurisdictions* and *SROs*, subject to right of appeal or review as provided by law.

---

[3] FINRA first issued its rule governing expungement when it was known as NASD, *see* Footnote 1, *supra,* and named it Rule 2130. FINRA renumbered it FINRA Rule 2080, effective August 17, 2009.

Appendix at 19-20, ¶ 2 (*Exhibit C* at 11-12, ¶ 2 ) (bold type added). Thus, Mr. Butowsky

executed an agreement that binds him to comply with all FINRA rules, including FINRA Rules

2080 and 8312.

**IV.    MR. BUTOWSKY FAILS TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED, AND AS SUCH, IT MUST BE DISMISSED**

    **A.    Legal Standard for the Motion to Dismiss Under FRCP 12(b)(6)**

        To survive a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6), a

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *accord Leor Energy*, 600 F.3d at 546. The

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Twombly* at 1965 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 1216, at 235-36 (3d ed. 2004)). In considering a motion to dismiss, the Court must

accept the complaint's factual allegations as true and view the complaint in the light most

favorable to the plaintiff, but it is not bound by the complaint's legal conclusions. *Leor Energy*,

600 F.3d at 546. In short, Mr. Butowsky's Petition must raise at least a reasonable inference of

liability to proceed.

    **B.    Mr. Butowsky's Petition Does Not, and Cannot, Raise a Reasonable
Inference of FINRA's Liability Because He Cannot Satisfy the Standards
Under FINRA Rule 2080**

        Mr. Butowsky concedes, as he must, that Rule 2080 governs his request for a court order

directing FINRA to expunge customer complaint information from his CRD record. Petition

¶ 11. Accordingly, Rule 2080 should guide this Court in adjudicating this Motion to Dismiss.

        **1.    Mr. Butowsky does not offer any factual finding required under
FINRA Rule 2080(b)(1) for expungement.**

        Pursuant to the standards set forth in FINRA Rule 2080(b)(1), Mr. Butowsky must

present evidence that would support a finding that the claim was factually impossible or clearly

erroneous, he was not involved in a violation of securities laws or regulations or the claim is false to receive an order directing expungement of any arbitration claim against him. He must obtain such a finding for each of the claims he seeks to expunge. Mr. Butowsky cannot meet this standard. Not only does Mr. Butowsky not offer the requisite factual finding in his Petition, he fails to offer any factual basis upon which this Court or any other court can determine that the complaints he identified are false or clearly erroneous. All he offers are his bare assertions. Petition ¶¶ 8-9. This is not enough. Mr. Butowsky's failure to obtain an affirmative finding under Rule 2080(b)(1) is fatal to his expungement request.

### 2.   In addition, "extraordinary circumstances" warrant the inclusion of Mr. Butowsky's complaint information, not expungement.

FINRA Rule 2080(b)(2) permits expungement absent such a finding under Rule 2080(b)(1) if FINRA determines that "extraordinary circumstances" exist, and that "expungement would have no material adverse effect on investor protection, the integrity of the CRD system, or regulatory requirements." Mr. Butowsky fails to meet this standard as well. There are no "extraordinary circumstances" justifying expungement. Permitting Mr. Butowsky to expunge these complaints from his record would adversely affect CRD's integrity, and, in turn, compromise investor protection. First, as noted above, CRD permits investors to obtain relevant information about their broker's (or prospective broker's) background. Mr. Butowsky's complaint history is clearly information that an investor in Texas or any other jurisdiction would want to know in considering whether to use Mr. Butowsky's services. Investors should be able to learn such information before entrusting their life savings in any registered representative's care. In addition, Mr. Butowsky's CRD record is subject to examination by state and federal securities regulators for licensing decisions, examinations of Mr. Butowsky and his firm, and enforcement purposes. Expungement of any of Mr. Butowsky's complaints absent the requisite

factual finding would deprive the regulatory authorities of vital information.  Finally, expungement would deprive securities firms considering hiring Mr. Butowsky of information necessary for them to assess the risks that he may pose as an employee.

In short, even after taking Mr. Butowsky's factual allegations as true and viewing the Petition in the light most favorable to him, it is abundantly clear that he cannot prevail under FINRA rules.  The Petition must fail as a matter of law.

### C. Mr. Butowsky's Petition Does Not, and Cannot, Raise a Reasonable Inference of FINRA's Liability Because FINRA's Disclosures Are Consistent with FINRA Rule 8312

The two complaints that Mr. Butowsky seeks to expunge – one of which was denied and the other was settled for $1,560.90 – are dated January 1998.  Petition ¶ 9.  Again, although the Petition is bereft of any information as to why he believes these complaints are clearly erroneous or false, it appears that his request is somehow connected to the fact that these complaints now appear on his BrokerCheck report.  Mr. Butowsky points out that he noticed these complaints in January 2011.  *Id.* at ¶ 8.  These disclosures, however, are consistent with the July 2010 amendments to FINRA Rule 8312.  These amendments were reviewed and approved by the SEC and the execution of which cannot form the basis of FINRA's liability.  Indeed, this Court and courts in this Circuit have held that suits alleging causes of action arising from FINRA's execution of its regulatory duties warrant dismissal.  *Browne v. Nat'l Ass'n of Sec. Dealers, Inc.*, Civil Action No. 3:05-cv-2469-G, 2006 U.S. Dist. LEXIS 35507 at *13-14 (N.D. Tex., May 31, 2006) ("Even it is assumed that all of the allegations in the plaintiffs' complaint are true . . . NASD was acting completely within the scope of its disciplinary power.  NASD's motion to dismiss should be granted on this ground."), *reconsideration denied,* 2006 U.S. Dist. LEXIS 90657 (N.D. Tex., Dec. 14, 2006); *Austin*, 757 F.2d at 697 (FINRA and its employees are entitled to absolute immunity for their actions taken "within the outer scope" of their disciplinary

duties). This analysis is consistent with other jurisdictions. *See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 637 F.3d 112 (2d Cir. 2011) ("[W]e have found stock exchange SROs absolutely immune from suit where the alleged misconduct concerned . . . (3) the interpretation of securities laws and regulations as applied to the exchange or its members. . ." (internal citations omitted)).

### D. Mr. Butowsky Cannot Raise a Reasonable Inference of FINRA's Liability to Him for Monetary Damages as FINRA is Absolutely Immune for Liability in Discharging its Regulatory Duties

In addition to declaratory relief, Mr. Butowsky seeks "his reasonable costs and attorneys' fees as a result from his claim(s), as may be permitted by equity." Petition ¶ 15. However, this claim is also inactionable as Congress specifically immunized registered securities associations from liability for actions taken or omitted in good faith in maintaining registration and disciplinary data. 15 U.S.C. § 78o-3(i)(4). Indeed, as noted above, it is well settled that an SRO, such as FINRA, is immune against suits from money damages for actions arising under its statutorily delegated regulatory or disciplinary functions. *Austin*, 575 F.2d at 697; *Browne*, 2006 U.S. Dist. LEXIS 35507, at *13-14. *See also In re Series 7 Broker Qualification Exam Scoring*, 548 F.3d 110, 114 (D.C. Cir. 2008) ("When an SRO acts under the aegis of the Exchange Act's delegated authority, it is absolutely immune from suit for the improper performance of regulatory, adjudicatory, or prosecutorial duties delegated by the SEC."); *MM&S Financial, Inc., v. NASD, Inc., et al.*, 364 F.3d 908 (8th Cir. 2004); *Sparta Surgical Corp. v. NASD, Inc.*, 159 F.3d 1209 (9th Cir. 1998); *Barbara v. NYSE, Inc.*, 99 F.3d 49 (2d Cir. 1996). As such, Mr. Butowsky's claim for monetary relief, like his claim for expungement, must fail as a matter of law.

## V.    CONCLUSION AND PRAYER

CRD is the foundation of a disclosure system that provides critical information to all constituencies in the securities industry and plays a key part in protecting investors. There is ample reason why FINRA clearly articulates the standards by which it will disclose this information to the public. It is also clear why FINRA strictly limits the circumstances under which it will expunge customer complaint information from CRD. FINRA articulated these standards in Rule 2080, which Mr. Butowsky agrees controls the present action. Taking all allegations and facts most favorable to Mr. Butowsky, he still does not explain how he meets any of these standards. Nor can he. Instead, he simply asks the Court to expunge this critical information without offering anything more than the bare assertion that the information is false. This is not a valid reason under Rule 2080.

Defendant, FINRA, respectfully requests this Court to dismiss Plaintiff's Original Petition with prejudice and grant such other and further relief to which it is justly entitled.

DATE: July 12, 2011

Respectfully submitted,


/s/ Michael L. Raiff
Michael L. Raiff
  State Bar No. 00784803
Kevin Petty Grady
  State Bar No. 24069818
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX  75201-6912
Telephone: 214.698.3100
Fax: 214.571.2900

ATTORNEYS FOR DEFENDANT FINANCIAL
INDUSTRY REGULATORY AUTHORITY, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Financial Industry Regulatory Authority, Inc.'s Motion to Dismiss and Supporting Brief was served by facsimile and certified mail, return receipt requested, upon counsel of record for Edward W. Butowsky, on this 12th day of July, 2011.

/s/ Michael L. Raiff
Michael L. Raiff