UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD W. BUTOWSKY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:11-CV-1491-B |
| § | |
| § | |
| FINANCIAL INDUSTRY REGULATORY § | |
| AUTHORITY, INC., § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is Defendant Financial Industry Regulatory Authority's ("FINRA") Motion to Dismiss (doc. 4), filed July 12, 2011. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

### I.

### BACKGROUND

Plaintiff Edward Butowsky filed the instant action in the District Court for the 160th Judicial District, Dallas County, Texas, and Defendant FINRA subsequently removed to this Court. FINRA then filed a Motion to Dismiss, arguing that Plaintiff had failed to state a claim upon which relief can be granted.

As a securities broker and member of FINRA, Butowsky seeks a court order that would compel FINRA to expunge two customer complaints ("Disputes") that Butowsky has listed on his Central Registration Depository ("CRD") record. Pet. ¶¶ 7, 9. FINRA, a private, self-regulatory organization registered with the Securities and Exchange Commission, collects information on

registered representatives and compiles it in the CRD. Def's Mot. to Dismiss 2-3. As a result, the CRD contains reports on registered brokers, which include customer complaints and arbitration claims, that are then disclosed to the public in the form of a "Broker Check Report." Pet. ¶ 7. The purpose of the CRD, then, is to offer information to the public as well as to participants in the securities industry, including state regulatory boards that must review the registered representative's CRD record when evaluating licensing applications. Def's Mot. to Dismiss 4.

Given that an objective of CRD is to offer valuable information about potential brokers, FINRA has specific rules that govern when such information may be expunged from the CRD. As the Plaintiff makes clear in the Complaint,[1] pursuant to FINRA Rule 2080, members of FINRA who seek to have customer dispute information expunged from their CRD records must first obtain an order from a court of competent jurisdiction directing that expungement. Pet. ¶ 11. Rule 2080 further requires that FINRA be named as an additional party, unless any of three requirements under subsection (b) are met.[2] In its Motion to Dismiss, FINRA argues that Plaintiff cannot meet the standards set forth in Rule 2080 because the Complaint contains only bare assertions that the Disputes are false. Plaintiff has not filed any response and is now proceeding *pro se*.

## II.

## LEGAL STANDARDS

---

[1] Plaintiff filed a Petition in state court, and did not amend his pleading after FINRA removed the case. Thus, all references in the text to "Complaint" refer to his Original Petition.

[2] FINRA Rule 2080(b) enumerates the following circumstances where naming FINRA as a party may not be necessary:
(A) the claim, allegation or information is factually impossible or clearly erroneous;
(B) the registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation or conversion of fund; or
(C) the claim, allegation or information is false.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may support his claim for relief with any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 46 (5th Cir. 2004)). Such a motion should only be granted when the complaint does not include "enough facts to state a clam to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. Nevertheless, a Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadilac-Chevrolet, Inc.*, 394 F.3d 285,

288 (5th Cir. 2004).

Because Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint with all possible deference. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* plaintiff ordinarily should be given "every opportunity" to state a possible claim for relief. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1998). Thus, before a court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend. *Barowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).

### III.

### ANALYSIS

Defendant argues that Plaintiff has not adhered to Rule 2080's requirements, and therefore, has not demonstrated that the Disputes should be expunged from his CRD record. The Court is not persuaded by this argument. First, in the Motion to Dismiss, FINRA interprets Rule 2080 to mean that the FINRA member must establish any of the three requirements under 2080(b)(1) before a court of competent jurisdiction may issue an order directing expungement. This interpretation is at odds with the plain language of the Rule, which states that "[m]embers or associated persons petitioning a court for expungement relief . . . must name FINRA as an additional party" unless FINRA determines that any of the exceptions under subsection (b)(1) apply. Rule 2080(b). Subsection (b) affords FINRA the ability to participate in judicial proceedings; it does not set forth the substantive requirements of a claim for expungement. *See In re Lickiss*, No. C-11-1986, 2011 WL 2471022, at *4 (N.D. Cal. June 22, 2011). Thus, FINRA reads its rules in a way that would require a plaintiff to provide evidence that satisfies subsection (b) at the pleading stage, a reading that is at odds with the plain language of the Rule and unsupported by any legal citation.

Nevertheless, Plaintiff's Complaint fails because it cannot satisfy the standard set forth in *Iqbal*. As the Supreme Court has made clear, although a plaintiff need not plead a detailed factual account, he must allege more than a "'naked assertion' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Plaintiff indicates in his complaint only that the Disputes are erroneous and false. The Court has no way of understanding how any of the disputed information may have appeared on Plaintiff's account, why such information has remained there for over ten years, and whether, in fact, it may be erroneous. Plaintiff has further failed to file any documents with the Court or respond to FINRA's Motion to Dismiss, and has offered nothing beyond its bare assertion that the Disputes are false. Thus, Plaintiff has failed to plead anything beyond conclusory allegations, which do not satisfy the pleading standard under 12(b)(6).

Despite this, the Court will allow a plaintiff the opportunity to amend where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608-09 (5th Cir. 1977) (observing that a complaint should only be dismissed under Rule 12(b)(6) "after affording every opportunity for the plaintiff to state a claim upon which relief can be granted"); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (while court may dismiss a claim for failing to comply with Rule 9(b), "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities to do so"). While Plaintiff has offered little beyond stating that the Disputes on his record are false, there is a possibility that he can buttress such assertions with some factual or legal support. Accordingly, given that Plaintiff is now proceeding *pro se*, the Court **GRANTS** the Plaintiff leave to **AMEND** his complaint to satisfy the pleading requirements for his

claim.

## IV.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED**, but with leave to amend his complaint to correct the deficiencies by **Friday, November 18, 2011.**

    **SO ORDERED.**

    **SIGNED October 20, 2011**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE